# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH ARRIETA (#B-74625), | ) |
| Plaintiff, | ) |
| | ) No. 09 C 8034 |
| v. | ) |
| | ) Judge Robert M. Dow, Jr. |
| SHAUN BASS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, officials at the Stateville Correctional Center, violated Plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, Plaintiff alleges that Defendants ignored repeated warnings that Plaintiff's cellmate was threatening him and that the two needed to be separated. This matter is before the Court for ruling on Defendants' motion to dismiss the complaint for failure to state a claim. For the reasons stated below, the motion [10] is granted. However, Plaintiff will be given the opportunity to submit an amended complaint curing pleading deficiencies.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to Plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 555. Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

**I.      Background**

Plaintiff is a state prisoner who has been confined at the Stateville Correctional Center at all times relevant to this lawsuit. Defendant Shaun Bass was a placement officer at Stateville at the time of the events giving rise to the complaint. Defendant Akinola Iyiola is a lieutenant at the prison. Defendant Karen Rabideau is a correctional counselor.

Plaintiff alleges the following facts, which must be accepted true for purposes of the motion to dismiss: During the last week of August 2008, Plaintiff made several requests to the

Defendants for a cell change because he was having "trouble" with his new cellmate (Fonzo Swanigan). At the time, Plaintiff was classified at a low aggression level because he had received no disciplinary reports for over six years.

On September 27, 2008, when Plaintiff returned from the recreation yard, Swanigan was waiting for him at the door of his cell. An irate Swanigan threatened that he was going to "beat [Plaintiff] down" for somehow causing Swanigan to miss a meeting with a prison visitor. After the two inmates exchanged heated words, Plaintiff left the cell.

Plaintiff returned a short time later to an empty cell; he asked an officer to unlock the door so he could go in. When Plaintiff entered his cell, he observed that Swanigan's property was packed as if he were ready to move. Alongside the bed was a fan motor inside a laundry bag. Plaintiff believed that Swanigan had placed the fan motor in the laundry bag with the intent to use it as a weapon. Plaintiff immediately began to pack his own property as well, because he knew that he was going to end up in segregation that day (presumably because he anticipated a fight with Swanigan).

When Swanigan arrived at the cell following a meal, he saw that Plaintiff was already there. Swanigan ran to a supply cell and grabbed a milk crate. Swanigan tried to enter the cell, but Plaintiff fended him off with the laundry bag-weapon for approximately three to four minutes. Swanigan's television set was knocked to the floor during the struggle. Eventually two gallery officers saw what was taking place. One officer slammed the cell door shut, while another ordered Swanigan to the bullpen (a holding area). Plaintiff was disciplined for the incident and still suffers "extreme and continuous depression" on account of his altercation with Swanigan.[1]

---

[1] The court previously dismissed on preliminary review Plaintiff's claims relating to the disciplinary proceedings and the conditions of confinement in the segregation unit. Minute Order of January 7, 2010.

## II. Analysis

Even accepting Plaintiff's factual allegations as true, the current complaint does not articulate a colorable cause of action under 42 U.S.C. § 1983 against any Defendant. Further, because Plaintiff's complaint does not assert that he was physically injured, his claims for damages must be dismissed against all defendants. 42 U.S.C. § 1997e(e).

The Constitution "imposes upon prison officials the duty to take reasonable measures to guarantee the safety of the inmates." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)) (internal citations omitted). The obligation to protect encompasses a duty "to protect prisoners from violence at the hands of other prisoners." *Brown*, 398 F.3d at 909; *Farmer*, 511 U.S. at 834. To establish an Eighth Amendment claim that correctional officials acted with deliberate indifference to his safety, Plaintiff must show that: (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. *Id.*

### A. Objective Prong

To satisfy the objective prong, a plaintiff must demonstrate not only that he or she experienced, or was exposed to, a serious harm, but also that there was a substantial risk beforehand that serious harm might actually occur. See *Brown*, 398 F.3d at 909. "When [Seventh Circuit] cases speak of a 'substantial risk' that makes a failure to take steps against it actionable under the Eighth or Fourteenth Amendment, they also have in mind risks attributable to detainees with known 'propensities' of violence toward a particular individual or class of individuals; to 'highly probable' attacks; and to particular detainees who pose a 'heightened risk of assault to the plaintiff.'" *Brown*, 398 F.3d at 911. This general definition of "substantial risk"

4

includes, of course, "risks so great that they are almost certain to materialize if nothing is done." *Id.*

In this case, the facts alleged do not establish the existence of an objective, substantial risk. Plaintiff indicates that in the weeks leading up to the September 27, 2008, altercation, he asked for a cell change because his cellmate was "trouble." Although Plaintiff uses the conclusory phrase "imminent danger," he provides no facts to support such an inference. To the contrary, the exhibits to the complaint suggest that conflict arose between the two inmates because Plaintiff believed that Swanigan was stealing from him, not that Swanigan posed a threat of violence.

The mere fact that Plaintiff and Swanigan may have argued with each other is not, alone, enough to create an objectively serious risk of harm. Regrettably, "[p]risoners are dangerous (that's why many are confined in the first place). . . . Some level of brutality . . . among them is inevitable no matter what the guards do." *Birch v. Jones*, 2003 WL 21210107, *3 (N.D. Ill. May 21, 2003) (quoting *McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991)). "[A]n unfortunate random act of violence in a prison . . . does not impose liability on prison officials." *Washington v. LaPorte County Sheriff's Department*, 306 F.3d 515, 519 (7th Cir. 2002). "[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more. Guards cannot turn away persons committed by the courts; nor do individual guards have any control over crowding and other systemic circumstances. All that can be expected is that guards act responsibly under the circumstances that confront them." *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). Plaintiff has not stated facts showing a substantial risk of serious harm.

**B.     Subjective Prong**

In order to satisfy the subjective prong, a plaintiff must show that the defendant acted with deliberate indifference to the substantial risk of serious harm. *Farmer*, 511 U.S. at 838; *Brown*, 398 F.3d at 913. The defendant "must both be aware of the facts from which an inference could be drawn that a substantial risk of harm exists, and he must also draw that inference." *Farmer*, 511 U.S. at 838; *Brown*, 398 F.3d at 913; *Riccardo*, 375 F.3d at 525. The subjective prong has two subparts: (a) knowledge of the risk and (b) a disregard of that risk. *Brown*, 398 F.3d at 913-16. Although the test is subjective, it may be proven through circumstantial evidence. *Farmer*, 511 U.S. at 842 ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.") (internal citation omitted). The relevant inquiry is whether correctional officials actually knew about the danger that the plaintiff faced, not whether a reasonable official should have known. *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999).

Plaintiff's response to the motion does provide a little more detail concerning Defendant Bass: he contends that he "wrote multiple letters to Shaun Bass describing how his cellmate was threatening him." (Plaintiff's Response, p. 2.) As a general rule, a plaintiff may assert additional facts in his response to a motion to dismiss, so long as the new allegations are consistent with original pleading. See *Brokaw v. Mercer County*, 235 F.3d 1000, 1006 (7th Cir. 2000); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). Depending on the content of the letters, Plaintiff may be able to state an actionable claim against Bass.

However, the complaint does not support an inference that Defendants Rabideau and Iyiola acted with deliberate indifference to a substantial risk of known harm. There is no

allegation that Plaintiff ever expressed any concerns for his safety to Rabideau and Iyiola, notwithstanding the fact that he sought a cell change. In *Butera v. Cottey*, 285 F.3d 601 (7th Cir. 2002), the court held that an inmate's statements that he was "having problems on the block" and "I needed to be []moved" were insufficient to give notice of a specific threat. 285 F.3d at 606. Even a more dire, but equally generalized, statement that a prisoner "was afraid for his life" was found to be insufficient to alert correctional officers to a specific threat in *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008).

Nor does the complaint allege even on the date of the disturbance in question that Plaintiff told anyone when Swanigan threatened to "beat [Plaintiff] down" after he returned from his meal. Instead of alerting correctional officials, Plaintiff apparently chose, instead, to arm himself for Swanigan's return. Unless Plaintiff specifically apprised Defendants Rabideau and Iyiola at some point that Swanigan posed a threat to him, no knowledge can be imputed to them.

To be sure, the exhibits to the complaint relating to disciplinary proceedings seem to indicate that Defendants were aware that Plaintiff and his cellmate were experiencing tension. But even if the correctional officials could have taken some action to defuse that tension, any purported inaction on their part would not be actionable absent some allegation that they were apprised of a substantial risk of harm resulting from that tension. Absent such an allegation, Defendants' inaction, at worst, might have constituted negligence, and negligence – indeed, even gross negligence – does not implicate the Constitution. *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 518 (7th Cir. 2002) (citations omitted). "Deliberate indifference 'is more than negligence and approaches intentional wrongdoing.'" *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998)). "Proving deliberate indifference "requires more than a showing of negligent or even grossly

negligent behavior. . . . [T]he corrections officer must have acted with the equivalent of criminal recklessness." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008) (quoting *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006)). Incompatible cellmates are not necessarily dangerous cellmates.

In response to Defendants' motion to dismiss, Plaintiff asserts that "[t]hrough depositions and discovery, it will be brought out what the defendants were alerted to by the plaintiff aside from what they admitted to." (Plaintiff's Response, p. 2.) However, Plaintiff's promise to produce evidence is not enough to defeat a motion to dismiss. At this stage of the proceedings, Plaintiff does not need proof of his claims, but he does need to allege essential facts. As noted above, a complaint must do more than recite the elements of a cause of action, and a court need not accept mere labels and legal conclusions as factual allegations. *Bell Atlantic*, 550 U.S. at 555. A complaint's allegations must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776-77 (7th Cir. 2007).

In sum, as currently framed the complaint provides no basis for liability as to Defendants Iyiola or Rabideau in regard to the flare-up between Plaintiff and his cellmate. A generalized possibility of violence, rather than a specific risk of serious harm, does not implicate the Eighth Amendment. Unless Plaintiff can allege that he advised Defendants Rabideau and Iyiola of a specific threat to his safety beforehand, he cannot proceed against those individuals. Similarly, the complaint as currently drafted provides no basis for liability as to Defendant Bass. In order to proceed against Bass, the plaintiff must amend his complaint to add facts showing that he was

incarcerated under conditions posing a substantial risk of serious harm and that Bass acted with deliberate indifference to that risk.[2]

C. **No Physical Injury**

Finally, Defendants point out that Plaintiff cannot recover monetary damages unless he suffered a physical injury. Federal law provides that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); see also *Zehner v. Trigg*, 133 F.3d 459, 462-63 (7th Cir. 1997) (upholding the PLRA's limitation on damages in the absence of a showing of physical injury); *Calhoun v. DeTella*, 319 F.3d 936, 941 (7th Cir. 2003) ("We believe that . . . § 1997e(e) forecloses an action for nominal or punitive damages for an Eighth Amendment violation involving no physical injury"). While § 1997e(e) forecloses actions for damages, it does not prevent a prisoner from obtaining injunctive or declaratory relief from mental or emotional injury in the absence of physical injury. *Zehner*, 462-63 (7th Cir. 1997); *Mitchell v. Horn*, 318 F.3d 523, 534 (3rd Cir. 2003) (collecting cases).

Here, Plaintiff describes having to fend off Swanigan, but Plaintiff does not assert that he was actually harmed. He maintains only that he suffered "extreme and continuous depression" as a result of the events underlying this lawsuit. But in *Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006), the court of appeals determined that a Plaintiff's declaration that he was "mentally and physically depressed" and "lost at least 50 pounds at the time" was insufficient to articulate a "physical injury" as that term is commonly understood. See also *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (prisoner's weight loss, appetite loss, and insomnia after alleged constitutional violation not "physical injury" as required by § 1997e(e));

---

[2] Depending on the content of the letters to Defendant Bass the plaintiff referenced in his response, he may be able to cure this deficiency.

9

*Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001) (recovery barred under § 1997e(e) for prisoner's alleged "grave emotional and mental depression" as a result of exposure to asbestos in prison). If Plaintiff was not physically injured, then he is not entitled to damages, even assuming *arguendo* that one or more of the Defendants did somehow act with deliberate indifference.

### **CONCLUSION**

In sum, the complaint on file does not set forth facts indicating that Plaintiff alerted Defendants Rabideau and Iyiola to a specific risk of harm rather than simply the existence of friction between Plaintiff and his cellmate. The complaint, as currently drafted, similarly does not state a cause of action against Bass. Nor does the complaint allege that Plaintiff suffered any physical injury during his final confrontation with Swanigan, and thus Plaintiff may not recover monetary damages. Accordingly, the motion to dismiss [10] is granted in its entirety.

However, the dismissals in this order are without prejudice to allow Plaintiff an opportunity to submit an amended complaint addressing the pleading defects discussed in this order, if Plaintiff can do so. In drafting an amended complaint, Plaintiff should be mindful of Fed. R. Civ. P. 11, which provides for the imposition of sanctions for bringing claims, defenses, or factual or legal contentions that are frivolous or that cannot be supported by evidence. Plaintiff is granted thirty days from the date of this order to submit an amended complaint curing the pleading deficiencies discussed in this order. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case, on the understanding that Plaintiff does not wish to pursue his federal claims and/or is unable to cure the pleading deficiencies identified above.

Dated: August 26, 2010

_____
Robert M. Dow, Jr.
United States District Judge